IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMAL HAIZLIP, )
)
    Plaintiff, )
)
v. )
) Case No. 1:23CV210
SHANNON PETERSON, et al., )
)
    Defendants. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Jamal Haizlip. In conjunction with the Complaint, Plaintiff also submitted an Application for Leave to Proceed In Forma Pauperis. For the reasons set out below, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In his Complaint, Plaintiff brings challenges to state child support proceedings. Plaintiff alleges that in 2022, Defendants "conspired to commit fraud by and through the establishment and enforcement of fraudulent child support orders that were created with complete disregard of evidence and fact." (Compl. [Doc. #2] at 4.) Plaintiff names Guilford County Attorney Shannon Peterson, Guilford County Child Support Agent Alexandra Burnett, and Guilford County Department of Social Services ("DSS") Director Sharon Barlow as Defendants in the instant matter. According to Plaintiff, Defendants continuously made attempts to collect $484.00 in child support without facts or evidence of income. (Compl. at 4.) Defendant alleges that the events giving rise to his claim occurred in the "General Court of Justice, District Court Division," and he challenges both the "establishment and

enforcement" of the child support order in state court. According to Plaintiff, "the court has systematically deprived [him] of his civil rights." (Compl. at 4.) Plaintiff requests that the child support order and his payment obligation be vacated. (Compl. at 6.) Plaintiff also requests compensatory damages for deprivation of rights, emotional distress, mental anguish, and defamation of character. (Compl. at 6.)

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not

susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (internal quotations omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] As part of this review, the Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing *pro se* complaint).

3

See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim on which relief may be granted.

First, to the extent that Plaintiff's claims can be construed as an attempt to re-litigate his state child support obligations under the guise of a claim for damages, the Court notes that federal courts are courts of limited jurisdiction and generally abstain from hearing child custody and child support matters under the domestic relations exception to federal court jurisdiction. See, e.g., Griessel v. Mobley, 554 F. Supp. 2d 597, 602 (M.D.N.C. May 7, 2008) (dismissing child custody and support claims under the domestic relations exception to federal court jurisdiction set out in Ankenbrandt v. Richards, 504 U.S. 689 (1992)); Salih El Bey v. Kennedy, 3:15-cv-272-GCM, 2015 WL 11111355 (W.D.N.C. July 7, 2015).

Second, to the extent that there are on-going state court child support enforcement proceedings, this Court should abstain from exercising jurisdiction pursuant to Younger v. Harris, 401 U.S. 37 (1971). The Younger abstention doctrine provides that federal court abstention is proper when: (1) there is an on-going state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. See Dawkins v. Staley, 2023 WL 1069745 at *3-*5 (M.D.N.C. Jan. 27, 2023); Woods v. S.C. Dep't of Soc. Servs., 6:23-cv-4812-HMH-JDA, 2023 WL 7224542 at *5 (D.S.C. Oct. 11, 2023); Reese v. Maryland, GJH-17-1487, 2017 WL 2712957

4

at *2 (D. Md. June 21, 2017); Salih El Bey, 2015 WL WL 11111355 at *1. Attachments to Plaintiff's Complaint reveal that there appears to be an on-going civil enforcement proceeding in North Carolina state courts regarding his child support obligation, which implicates an important state interest, and Plaintiff appears to be asking this Court to interfere in those state proceedings. Plaintiff may appeal to higher state courts and eventually to the United States Supreme Court to the extent that he believes that his rights are being violated by the lower North Carolina state courts.

Further, to the extent that the state court proceedings had ended, Plaintiff is asking this Court to review and vacate a final state court decision. The Rooker-Feldman doctrine precludes the exercise of federal subject matter jurisdiction over cases brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482–84 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Here, in his claim for relief, Plaintiff specifically asks that the state court child support order be vacated. To the extent that Plaintiff is attempting to appeal that state court order or obtain review and rejection of a final state court decision, the Rooker-Feldman doctrine would preclude such review of state court judgments in this Court. See Briggman v. Virginia Dep't of Soc. Servs., 526 F. Supp. 2d 590, 600-01 (W.D. Va. 2007) (claim seeking court review of state court child support order barred by Rooker-Feldman doctrine); Woods., 2023 WL 7224542 at *3-*4; Fulmer v. South Carolina, 1:22-cv-4178-MGL-JDA, 2022 WL 18135241 at *4 (D.S.C. Dec. 2, 2022) (collecting cases).

Finally, even if properly before the Court, Plaintiff's factual allegations are vague and conclusory and do not give rise to the reasonable inference that Defendants violated his federal statutory or constitutional rights. Plaintiff attempts to assert claims based on federal law that requires states to adopt laws and procedures for the collection of child support obligations. See 42 U.S.C. § 654(3). However, Plaintiff does not identify any private cause of action or individual right intended to benefit him under these provisions. Blessing v. Firestone, 520 U.S. 329 (1997). Plaintiff also raises various constitutional challenges to the state child support system, but these claims are without basis. See Earl of the Family Cox v. Saint Mary's County Dep't of Soc. Servs., No. TDC-16-1420, 2016 WL 3208945, at *1-2 (D. Md. Jun. 7, 2016) (rejecting similar claims and holding that disparate support obligations for non-custodial parent do not violate the constitution); Kramer v. Virginia State Court System, No. 6:13-cv-007, 2013 WL 373573, at *3 (W.D. Va. Jan. 20, 2013) ( rejecting plaintiff's claim that child support obligations violated rights under the constitution and noting that "routine custody and child support order issued by a state court judge, following judicial proceedings, does not even approach a potential substantive due process violation"); see also United States v. Johnson, 114 F.3d 476,480 (4th Cir. 1997). Plaintiff also alleges violation of federal criminal statutes including 18 U.S.C. §§ 242 and 1961, but those claims necessarily fail because "these are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action." Dawkins, 2023 WL 1069745 at *6-*7.

For all of these reasons, the Court concludes that Plaintiff has failed to state a claim for which relief can be granted and as such, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

6

Case 1:23-cv-00210-WO-JEP    Document 4    Filed 01/29/24    Page 6 of 7

IT IS THEREFORE ORDERED that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief may be granted.

This, the 29th day of January, 2024.

/s/ Joi Elizabeth Peake
United States Magistrate Judge